IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CEDAR RIHANI *
*
*
v. * Civil No. JFM-09-3357
*
TEAM EXPRESS *
DISTRIBUTING, LLC *
******

OPINION

Plaintiff Cedar Rihani ("Plaintiff") filed a Complaint for Declaratory Judgment against Defendant Team Express Distributing, LLC ("Team Express") asking this Court to declare a written contract, which Plaintiff signed, invalid and unenforceable. Team Express has filed a motion to dismiss this Complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3). For the reasons stated below, the Motion to Dismiss is granted.

I.

As part of his employment with Baseball Express, Inc., which was purchased by Team Express, Plaintiff signed a "Confidentiality, Non-Competition and Non-Solicitation Agreement" ("the Agreement") effective January 2008. (*See* Pl. Cedar Rihani's Opp. to Def.'s Mot. to Dismiss for Improper Venue ("Pl.'s Response"), Ex. 1.) The Agreement included a paragraph which reads:

> This Agreement, the construction of its terms, and the interpretation of the parties' rights and duties shall be governed by and construed according to the laws of the State of Maryland, and venue for all actions arising out of or in any way related to this Agreement shall be irrevocably set in Howard County, Maryland.

1

(*Id.*, Ex. 1 ¶ N.) Plaintiff subsequently filed this Complaint, seeking a declaration to nullify the Agreement, in the U.S. District Court in Baltimore, Maryland.

II.

"[A] motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue." *Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006); *accord Tech USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 855 (D. Md. 2009). In considering a Rule 12(b)(3) motion, a court need not accept the pleadings as true, and it may consider evidence outside of those pleadings. *See Sucampo Pharm.*, 471 F.3d at 549–50; *Silo Point II LLC v. Suffolk Constr. Co.*, 578 F. Supp. 2d 807, 809 (D. Md. 2008). All inferences and facts must be viewed in the light most favorable to the non-moving party. *Silo Point*, 578 F. Supp. 2d at 809.

III.

Because the forum selection clause clearly and unambiguously precludes venue in federal district court, Team Express' motion to dismiss will be granted.

Although he challenges the enforceability of the underlying contract,[1] Plaintiff does not seem to dispute the validity or enforceability of this forum selection clause, even if it does in fact preclude federal venue. Accordingly, the only question is whether the forum selection clause precludes venue in federal district court in Maryland. *See id.* at 810 ("As a result [of the parties not disputing the validity of the forum selection clause], the only question that remains to be decided . . . is the interpretation of the forum selection clause and whether it permits [the

---

[1] A forum selection clause may dictate proper venue even where a party, like Plaintiff in this case, seeks a declaratory judgment to void the underlying contract. *See 2215 Fifth St. Assoc. v. U-Haul Int'l*, 148 F. Supp. 2d 50, 52, 54 (D.D.C. 2001); *cf. Marra v. Papandreou*, 216 F.3d 1119, 1123 (D.C. Cir. 2000) ("A forum-selection clause is understood not merely as a contract provision, but as a distinct contract in and of itself—that is, an agreement between the parties to settle disputes in a particular forum—that is separate from the obligations the parties owe to each other under the remainder of the contract. Thus when a court determines that a forum-selection clause is enforceable, it is not making 'an assumption of law-declaring power' vis-a-vis other provisions of the contract." (internal citations omitted)).

plaintiff] to institute suit in federal court."). In other words, does the language—"venue . . . shall be irrevocably set in Howard County"—prohibit litigating this case in this Court?

Defendant asserts that this language requires the Complaint be brought in a court physically located in Howard County, Maryland. Therefore, according to Defendant, because there is no federal courthouse in Howard County, a suit under the contract cannot be instituted in federal court. Plaintiff, on the other hand, asserts that the clause only requires that this suit "be filed in a state or federal court with venue over Howard County, Maryland."

Parties may agree to a forum selection clause "that trump[s] what would otherwise be a right to remove cases to federal court."[2] *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009). "A forum selection clause may bind parties to either a specific jurisdiction or, as here, a specific venue." *Id.* That said, a forum selection clause precludes litigating in a federal district court only when it does so clearly and unambiguously. *See id.* at 75–76; *Tech USA*, 592 F. Supp. 2d at 856 ("Only mandatory forum-selection clauses are enforced . . . . A mandatory forum-selection clause is one containing clear language showing that jurisdiction is appropriate only in

---

[2]Although the parties have not addressed choice-of-law issues, Maryland law properly governs the interpretation of the forum selection clause in this case because jurisdiction here is based in diversity and the dispute concerns the meaning of a contract governed by Maryland law. *See Silo Point*, 578 F. Supp. 2d at 810–11 (purporting to apply Maryland law, though citing overwhelmingly to federal opinions, in interpreting the meaning of a forum selection clause); *Koch v. Am. Online, Inc.*, 139 F. Supp. 2d 690, 692–93 (D. Md. 2000) (in analyzing the validity of a forum selection clause, noting that when jurisdiction is based on diversity, "the Fourth Circuit applies the relevant state law"); *cf. Tech USA*, 592 F. Supp. 2d at 855 ("In a diversity action such as this one, courts in the District of Maryland apply state law in determining the applicability of forum-selection clauses . . . .").

    Because there is no indication of any material differences on this subject between Maryland law and federal law, the outcome would remain the same if federal law were applied. *Cf. Tech USA*, 592 F. Supp. 2d at 855–56 (noting that Maryland law and federal law apply the same standard to determine the enforceability or validity of a forum selection clause); *Silo Point*, 578 F. Supp. 2d at 810–11 (though recognizing that Maryland law governed, citing overwhelmingly to federal opinions in interpreting a forum selection clause).

    It is also worth noting that all of the opinions directly addressing the determinative legal question in this case come from federal courts (presumably because this question generally arises during removal efforts). *Cf. Silo Point*, 578 F. Supp. 2d at 810–11 (though recognizing that Maryland law governed, citing overwhelmingly to federal opinions in interpreting a forum selection clause). Accordingly, this opinion cites to federal opinions interpreting law other than Maryland's (most of these opinions also cite primarily to other federal opinions). There is no indication of any material differences between Maryland law and the various state laws that presumably govern those federal opinions. *Cf., e.g., Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir. 1997) ("[W]e believe there are no material discrepancies between Colorado law and federal common law [in interpreting a forum selection clause].").

the designated forum." (internal citations and marks omitted)); *Koch*, 139 F. Supp. 2d at 693 ("Only a mandatory forum selection clause will be enforced; a permissive one will not require dismissal. A mandatory provision is one containing clear language showing that jurisdiction is appropriate only in the designated forum." (internal citations and marks omitted)).

Federal courts are split as to whether a forum selection clause precludes venue in a federal district court when the language of the clause (1) limits venue to a municipality or county (2) in which a federal court does not physically sit. *Compare Yakin*, 566 F.3d at 75–77 (clause precludes litigating in federal court), *and Excell*, 106 F.3d at 321 (same),[3] *and Collin County v. Siemens Bus. Serv., Inc.*, 250 Fed. App'x 45, *51–*53 (5th Cir. 2007) (unpublished) (same), *with Nahigian v. Juno-Loudoun, LLC*, 661 F. Supp. 2d 563, 568–69 (E.D. Va. 2009) (clause does not preclude litigating in federal court), *and Xgel Tech., LLC v. C.I. Kasei Co.*, 2009 WL 1576837, *1–*2 (E.D. Mo. 2009) (unpublished) (same).

For instance, in *Yakin v. Tyler Hill Corporation*, the Second Circuit held that this type of language precluded venue in federal district court. The forum selection clause in *Yakin* read: "the venue and place of trial of any dispute that may arise out of this Agreement . . . shall be in Nassau County, New York." 566 F.3d at 74. No federal district court physically sat in Nassau County. *Id.* at 76. The Second Circuit found that this language clearly and unambiguously supported exclusive state court venue because a reasonable person "would necessarily conclude that the parties intended that litigation take place in an appropriate venue in Nassau County and that this commitment was not conditioned on the existence of a federal courthouse in that

---

[3] In *Excell*, the Tenth Circuit held that language limiting venue to a specific county precludes federal venue *even* if a federal district court sits in the specified county. *See Excell*, 106 F.3d at 321–22 (emphasis added) (citing to 28 U.S.C. § 1391 and holding that because "[federal] venue is not stated in terms of 'counties,'" but rather in terms of "judicial districts," a forum selection clause referencing a specific county demonstrates that "venue is intended to lie only in state district court"). To resolve this motion, I need not decide whether this forum selection clause would have precluded federal venue even if a federal court sat in Howard County.

4

county." *Id.* The court suggested that the outcome would have been different if a federal district court had been located in Nassau County at the time the suit was filed. *Id.*

The closest the Fourth Circuit has come to addressing this issue was in *Ferri Contracting Company v. Town of Masontown*. In that case, the court held that a forum selection clause mandating litigation "in a court [] within the state [of West Virginia]" did not preclude venue in federal district court. *See Ferri Contracting Co. v. Town of Masontown*, 2003 WL 22244905, *1–2 (4th Cir. 2003) (unpublished). The court considered whether the restriction was one of "sovereignty or of geography." *Id.* Because the parties were required to litigate in a court "*within* [West Virginia]"—as opposed to in "courts *of* West Virginia"—the court held that the restriction was unambiguously one of geography and not sovereignty. *Id.* (emphasis added). Accordingly, venue in federal court in West Virginia was appropriate. *Id. Ferri Contracting* did not, however, resolve whether a geographic restriction would preclude litigation in federal court if no federal court existed within the boundary set by the geographic limitation.

In *Nahigian v. Juno-Loudoun*, however, a court in the Eastern District of Virginia addressed this precise question. *Nahigian* read *Ferri Contracting* to support upholding federal venue where the forum selection clause read: "the sole venue for any litigation shall be Loudoun County, Virginia." 661 F. Supp. 2d at 567. Citing extensively to *Ferri Contracting*, the court noted that if the limitation was one of geography, it "still permit[ed] litigation in the federal or state courts within that geographic area"; if it was one of sovereignty, it "require[d] that actions be filed in courts of that sovereign." *Id.* (internal marks omitted). The court then concluded that the limitation was geographic because it contained "no reference to a specific court, court system, or sovereign." *Id.* Although no federal district court sat in Loudoun County, the court held that geographic restrictions permit litigating in "all courts having jurisdiction *over* that

5

area," not only courts physically located within the specified boundary. *Id.* at 568 (emphasis added).

I respectfully disagree with the court's reasoning in *Nahigian*. In my view, the forum selection clause in this case (and the clause at issue in *Nahigian*) clearly and unambiguously precludes litigating in federal district court. First, at the very least, the forum selection clause creates a geographic limit on venue. Just as mandating venue "within the state [of West Virginia]" geographically limited venue to West Virginia in *Ferri Contracting*, setting venue "in Howard County" geographically limits venue to Howard County.

Second, this geographic limitation prohibits venue in any court not physically located in Howard County. *Nahigian*'s holding implicitly relies on one of two premises: (1) "sole venue . . . shall be Loudoun County" actually means "sole venue shall be Loudoun County or a court with venue over Loudoun County," or (2) forum selection clauses worded as geographic limits must be interpreted to avoid creating *de facto* sovereignty limits. I do not agree with either of these premises. Grafting language—"a court with venue over"—onto a forum selection clause is inconsistent with basic contract law principles. Similarly, I see no reason why a limitation of geography cannot also create a *de facto* limitation of sovereignty. A forum selection clause, like other contractual provisions, must be interpreted in accordance with its plain meaning. *See Turner v. Turner*, 809 A.2d 18, 49 (Md. 2002) ("[T]he court is required to give effect to the contract's plain meaning . . . ."(internal marks omitted)). Applying this black-letter rule, a venue limitation means what it says: when its language prohibits venue outside a geographic boundary, it must be interpreted to prohibit venue in any court that sits outside that geographic boundary. The Agreement in this case demands that venue "be irrevocably set in Howard County." This language is clear, and it precludes a suit being filed in this Court.

DATE: April 30, 2010

        /s/
J. Frederick Motz
United States District Judge